UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. AIMEE MARIE BOCK,
2. ABDIKERM ABDELAHI EIDLEH,
3. SALIM AHMED SAID,
4. ABDULKADIR NUR SALAH,
5. AHMED SHARIF OMAR-HASHIM,
   also known as "Salah Donyale,"
6. ABDI NUR SALAH,
7. ABDIHAKIM ALI AHMED,
8. AHMED MOHAMED ARTAN,
9. ABDIKADIR AINANSHE MOHAMUD,
   also known as "AK,"
10. ABDINASIR MAHAMED ABSHIR,
11. ASAD MOHAMED ABSHIR,
12. HAMDI HUSSEIN OMAR,
13. AHMED ABDULLAHI GHEDI, and
14. ABDIRAHMAN MOHAMUD AHMED,
    also known as "Chef Abcos,"

Defendants.

Case No. 22-cr-223 (NEB/TNL)

**MOTION FOR AN ORDER
ALLOWING THE UNITED STATES
TO MAINTAIN CUSTODY OF
SEIZED PROPERTY PURSUANT TO
18 U.S.C. § 983(a)(3)(B)(ii)(II)**

The United States Attorney's Office for the District of Minnesota, by and through

Andrew M. Luger, United States Attorney, and Craig R. Baune, Assistant United States

Attorney, respectfully moves for an order allowing the government to maintain custody of

property already in its possession for possible forfeitures in this criminal case. In support

of this motion, the United States represents as follows.

1.     On January 19, 2022, the United States, through the Federal Bureau of

Investigation, the Internal Revenue Service-Criminal Investigations, and the United States

Postal Inspection Service, began executing multiple seizure warrants and search warrants of physical locations in connection with an investigation of a large-scale scheme to fraudulently obtain, misappropriate and launder proceeds of federally funded child nutrition programs. This investigation has frequently been referred to as the "Feeding Our Future" investigation based on the name of one of the participants.

2.      This investigation has led to the seizure of multiple assets from different people and entities, including various assets seized for forfeiture in addition to items seized as evidence. The assets seized for forfeiture were seized upon probable cause that they are the proceeds of a conspiracy to commit wire fraud, and upon probable cause that they were involved in, or are traceable to property involved in, money laundering and conspiracy to commit money laundering.

3.      Federal agencies have commenced administrative forfeiture proceedings against some of the assets seized in connection with this investigation. Written notice of those administrative forfeiture proceedings was sent to parties with a known potential interest in those seized assets as required by 18 U.S.C. § 983(a)(1)(A).

4.      Claims have been filed with respect to some of the assets that were the subject of administrative forfeiture proceedings. With respect to the assets for which claims were filed in administrative forfeiture proceedings, under 18 U.S.C. § 983(a)(3), the United States had 90 days from the filing of the claim in the administrative forfeiture proceeding to: (1) return the seized assets, (2) commence a civil judicial forfeiture action against the assets, (3) commence a criminal forfeiture action containing an allegation that the seized assets are subject to forfeiture, or (4) request an extension of time from the court.

5.      The Government pursued the fourth option. On July 6, 2022, upon timely application by the government, the Court entered an order extending the deadline for commencing a judicial forfeiture action to October 5, 2022. *In the Matter of the Seizure of Various Assets,* 22-sm-38 (ECT/BRT), ECF No. 7.

6.      On September 13, 2022, a grand jury returned an Indictment which contained forfeiture allegations that provided notice that the United States sought forfeiture of various assets that had been seized from the defendants in this case. That Indictment remains pending in the above-captioned matter.

7.      When the United States commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

8.      Frequently, no such steps are required. For example, when property has been seized pursuant to a seizure warrant citing criminal seizure and forfeiture authority, as is the case for the funds seized from financial accounts and vehicles listed in the Indictment, no additional steps are required to hold such property. Similarly, it is well-established that the United States may hold evidence needed for trial. But property that was seized through other means and which is not needed as evidence may require an order authorizing its continued retention for forfeiture.

9.      In such circumstances, the applicable criminal forfeiture statute is 21 U.S.C. § 853. Besides authorizing the issuance of criminal restraining orders and seizure warrants

3

to preserve property for forfeiture, *see* 21 U.S.C. § 853(e) & (f), that statute also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

10.     Here, the government represents that it has taken the certain property into custody for the purpose of forfeiture and that it will preserve the seized property for forfeiture until the criminal case, including criminal forfeiture proceedings, is resolved.

11.     Where the government makes these express representations regarding property already in its custody, the only type of court order needed to "preserve [the government's] right to maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same); *In Re One 2000 White Mercedes* ML320, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same).

12.     The property for which such an order may at least arguably be necessary includes:

4

a. $13,462.00 in U.S. Currency seized from AIMEE BOCK on January 20, 2022;

b. miscellaneous clothing, accessories and jewelry seized from 13299 Bronze Parkway, Rosemount, Minnesota (the residence of AIMEE BOCK), on January 20, 2022;

c. miscellaneous electronics seized from 13299 Bronze Parkway, Rosemount, Minnesota (the residence of AIMEE BOCK), on January 20, 2022;

d. miscellaneous clothing, accessories and jewelry seized from 5150 Alvarado Lane, Plymouth, Minnesota (the residence of SALIM SAID), on January 20, 2022;

e. miscellaneous electronics seized from 5150 Alvarado Lane, Plymouth, Minnesota (the residence of SALIM SAID), on January 20, 2022;

f. Firearms seized from 2722 Park Avenue, Minneapolis, Minnesota the registered business location of Cosmopolitan Business Solutions (PSA serial number SCB003791 and Anderson serial number 20113938);

g. miscellaneous Electronics seized from 2722 Park Avenue, Minneapolis, Minnesota the registered business location of Cosmopolitan Business Solutions;

h. miscellaneous Electronics seized from 3055 Old Highway 8, St. Anthony, Minnesota.[1]

The United States respectfully requests that this Court issue an order, pursuant to 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced seized assets through the conclusion of the pending criminal case and expressly

---

[1] With the exception of the currency, the items listed above may have evidentiary value that also authorizes their continued pretrial retention. Out of an abundance of caution and in to provide clarity, the United States asks that those items be included in this Order. The United States is not including assets that were seized pursuant to seizure warrants in this list because there is already a judicial order authorizing their retention for forfeiture.

concluding that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

Dated: 10-3-22

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant United States Attorney
Attorney No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
Craig.Baune@usdoj.gov