UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Aimee Marie Bock *et al.*,<br><br>Defendants. | Case No. 22-cr-223 (NEB/TNL)<br><br>**ARRAIGNMENT NOTICE &<br>CASE MANAGEMENT ORDER** |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

On September 13, 2022, a federal grand jury returned a series of six indictments charging more than 40 individuals related to the prosecution of an alleged massive fraudulent scheme to obtain and misappropriate more than $250 million in federal child nutrition program funds. The Government has alleged that these individuals fraudulently obtained, misappropriated, and laundered millions of dollars in programs funds that were intended as reimbursements for the costs of serving meals to children. The charges in these cases include, among other things, conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering, money laundering, conspiracy to commit federal programs

1

bribery, and federal programs bribery.  This is one of those six cases.[1]  Two additional cases followed.[2]

The Court subsequently designated this and the seven other related matters as complex under 18 U.S.C. § 3161(h)(7)(B)(ii) of the Speedy Trial Act.  *See generally* ECF No. 95.  The Government reported that discovery in these matters

> is exceptionally voluminous and includes millions of pages of investigative materials.  The grand jury issued more than 600 subpoenas, and the responses to these subpoenas include financial statements and other records for hundreds of bank accounts and credit card merchant accounts.  The Government interviewed hundreds of witnesses and individuals involved in the fraud scheme, and will be producing hundreds of reports documenting those interviews.  The Government obtained and executed physical search warrants for 32 businesses and residences, during which the Government seized approximately 380 electronic devices, including computers, laptops, and cell phones.  The Government also obtained warrants to search more than 45 email accounts, through which the Government obtained more than 250,000 emails relevant to the investigation.

ECF No. 95 at 1-2 (quotations and citations omitted).  The Court found that "[g]iven the large volume of discovery, the nature of the evidence collected, and the multiple issues involved in the discovery process, as well as the sheer number of defendants, this case and the related cases are so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits set forth in the Speedy

---

[1] *United States v. Abdiaziz Shafii Farah et al.*, No. 22-cr-124 (NEB/TNL) (8 defendants); *United States v. Liban Yasin Alishire et al.*, No. 22-cr-222 (NEB/TNL) (3 defendants); *United States v. Aimee Marie Bock et al.*, No. 22-cr-223 (NEB/TNL) (14 defendants); *United States v. Qamar Ahmed Hassan et al.*, No. 22-cr-224 (NEB/TNL) (8 defendants); *United States v. Sharmake Jama et al.*, No. 22-cr-225 (NEB/TNL) (6 defendants); and *United States v. Haji Osman Salad et al.*, No. 22-cr-226 (NEB/TNL) (5 defendants).
[2] *United States v. Mekfira Hussein et al.*, No. 22-cr-277 (NEB/TNL) (2 defendants); and *United States v. Mohamed Muse Noor*, No. 22-cr-293 (NEB/TNL) (1 defendant).

Trial Act." ECF No. 95 at 3-4. The Court further directed the parties to meet and confer and submit a proposed case management schedule for each of the respective cases for the completion of pretrial proceedings (to include disclosures by the Government, disclosures by Defendants; and the filing of pretrial motions, responses to such motions, notices of intent to call witnesses, and responsive notices of intent to call witnesses).[3] The Court indicated that it will thereafter issue case management orders, setting forth, among other things, pretrial deadlines and motions hearing dates.

The Court has received and reviewed the parties' position as to scheduling in this matter. *See generally* ECF No. 125. The parties agree on a schedule for moving forward with the Government beginning to produce discovery in early November 2022; a pretrial-motions filing deadline in early May 2023; a response deadline in mid-June 2023; and notices of intent to call witnesses and responsive notices timed off of the motions hearing date.

Bearing in mind the complexity of this case and the voluminous discovery to be produced as well as the parties' proposal, **IT IS HEREBY ORDERED** that:

1.   As to Defendants Salim Ahmed Said, Ahmed Sharif Omar-Hashim, Abdihakim Ali Ahmed, Abdikadir Ainanshe Mohamud, Asad Mohamed Abshir, Hamdi Hussein Omar, Ahmed Abdullahi Ghedi, and Abdirahman Mohamud Ahmed, an arraignment hearing will be held before the undersigned on **July 7, 2023, at 10:00 a.m.**, in

---

[3] Although the Court issued similar orders in these eight related cases, this does not mean that these cases are formally consolidated.

Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

2. To the extent it has not done so already, the Government shall immediately begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than **January 13, 2023**. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by **January 13, 2023**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

3. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

4. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than **February 10, 2023**. *See* D. Minn. LR 12.1(a)(2).

5. This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 111, which "proactively address[ed] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence

4

favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 111 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 111 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 111 at 3. **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

6. All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **May 8, 2023**.[4] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[5]

7. **Counsel must electronically file a letter on or before May 8, 2023, if no motions will be filed and there is no need for hearing**.

8. All responses to motions must be filed by **June 20, 2023**. *See* D. Minn. LR 12.1(c)(2).

9. Any Notice of Intent to Call Witnesses must be filed by **June 20, 2023**. *See* D. Minn. LR. 12.1(c)(3)(A).

---

[4] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[5] U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

10. Any Responsive Notice of Intent to Call Witnesses must be filed by **June 27, 2023**. *See* D. Minn. LR 12.1(c)(3)(B).

11. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

 a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

 b. Oral argument is requested by either party in its motion, objection or response pleadings.

12. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **July 7, 2023, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d). **The parties shall be prepared to continue the hearing into July 10, 2023, if necessary.**

13. **TRIAL:**

 a. **IF NO PRETRIAL MOTIONS ARE FILED BY A DEFENDANT, the following trial and trial-related dates are:**

All voir dire questions, **motions for counsel to participate in voir dire**, and jury instructions must be submitted to District Judge Nancy E. Brasel on or before **August 28, 2023**.

This case must commence trial on **September 11, 2023, at 9:00 a.m.** before District Judge Nancy E. Brasel in Courtroom 13W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

      **b.**    **IF PRETRIAL MOTIONS ARE FILED, the trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

    14.    The period of time from **November 4, 2022 through May 8, 2023**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

    15.    **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

    16.    All prior consistent orders relating to the Indictment remain in full force and effect.

    17.    Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: November 15 , 2022                      *s/ Tony N. Leung*
                                                                                    Tony N. Leung
                                                                                    United States Magistrate Judge
                                                                                    District of Minnesota

                                                                                    *United States v. Bock et al.*
                                                                                      Case No. 22-cr-223 (NEB/TNL)