UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-223 (NEB/TNL) |
| Plaintiff, | |
| v. | SECOND AMENDED ARRAIGNMENT NOTICE & CASE MANAGEMENT ORDER |
| Aimee Marie Bock *et al.*, | |
| Defendants. | |

**Counsel for all parties are instructed to review this Order carefully and in its entirety as it represents a significant deviation from the schedules that ordinarily govern criminal cases in the District of Minnesota.**

\*\*\*

This matter comes before the Court on Defendant Abdulkadir Nur Salah's Motion to Continue Motions Filing Deadline and Motion Hearing, ECF No. 169. This matter was previously designated complex under 18 U.S.C. § 3161(h)(7)(B)(ii). *See generally* ECF No. 95.

Defendant Abdulkadir Nur Salah requests that the September 15, 2023 motions-filing deadline be extended to December 15, 2023, and the motions hearing and other related deadlines be adjusted accordingly, as additional time is needed to review discovery and determine whether certain motions should be filed. Defendant Abdulkadir Nur Salah's request is "[b]ased on the unusually high volume of discovery the [Government] has disclosed in this matter, unforeseen delays in providing the defense with useable copies of

media and electronic data, and technical difficulties experienced in making use of the [G]overnment's disclosures . . . ." ECF No. 169 at 2; *see also* ECF No. 169 at 2 ("review of voluminous surveillance video, email, and cell phone data is necessary").

In the Court's First Amended Arraignment Notice & Case Management Order, the Court stated that "any response to . . . a request [to modify the schedule] shall be filed within three days." ECF No. 157 at 6. Defendant Abdulkadir Nur Salah states that the Government takes no position on the requested continuance "as long as such an extension would not conflict with any trial date set by the District Court." ECF No. 169 at 1. Defendant Abdulkadir Nur Salah additionally states that counsel for each of the other Defendants "ha[s] indicated that they join in this request." ECF No. 169 at 1. No further submissions have been received. Accordingly, Defendant Abdulkadir Nur Salah's motion is unopposed.

Bearing in mind the complexity of this case, the voluminous discovery, and the absence of any objection to the requested continuance, the Court finds pursuant to 18 U.S.C. § 3161(h) that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in a speedy trial and such continuance is necessary to provide Defendants and their counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant Abdulkadir Nur Salah's Motion to Continue Motions Filing Deadline and Motion Hearing, ECF No. 169, is **GRANTED**.

2. As to Defendants Salim Ahmed Said, Ahmed Sharif Omar-Hashim, Abdihakim Ali Ahmed, Abdikadir Ainanshe Mohamud, Asad Mohamed Abshir, Hamdi Hussein Omar, Ahmed Abdullahi Ghedi, and Abdirahman Mohamud Ahmed, an arraignment hearing will be held before the undersigned on **February 15, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota.

3. To the extent it has not done so already, the Government shall immediately begin to make all disclosures required by Federal Rule of Criminal Procedure 16(a) to be completed no later than January 13, 2023. *See* D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make, by January 13, 2023, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to a defendant all exculpatory evidence—that is, evidence that favors a defendant or casts doubt on the Government's case—as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

5. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) as soon as practicable, to be completed no later than February 10, 2023. *See* D. Minn. LR 12.1(a)(2).

6.      This Court previously issued an Order on Pretrial Disclosure & Preservation, ECF No. 111, which "proactively addresse[d] certain non-dispositive motions that are commonly filed in the District of Minnesota, which seek discovery, notice of intent to introduce certain types of evidence, preservation of rough notes, and disclosure of evidence favorable to a defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), and related authorities." ECF No. 111 at 3. "These motions often seek relief that is already required by the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and federal law." ECF No. 111 at 3. "To promote the efficient management of these related cases, the Court issue[d the Order on Pretrial Disclosure & Preservation] to preemptively address such matters without the need for each defendant to file multiple motions on these subjects." ECF No. 111 at 3. **Before filing any pretrial motions, a party shall consult the prior Order on Pretrial Disclosure & Preservation.**

7.      All motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **December 15, 2023**.[1] *See* D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Tony N. Leung.[2]

8.      **Counsel must electronically file a letter on or before December 15, 2023, if no motions will be filed and there is no need for hearing**.

---

[1]      "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[2]      U.S. Mail or hand-deliver to 300 South Fourth Street, Suite 9W, Minneapolis, MN 55415.

9. All responses to motions must be filed by **January 26, 2024**. *See* D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses must be filed by **January 26, 2024**. *See* D. Minn. LR. 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses must be filed by **February 2, 2024**. *See* D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

   a. The Government makes timely disclosures and a defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

   b. Oral argument is requested by either party in its motion, objection or response pleadings.

13. If required, the motions hearing must be heard before Magistrate Judge Tony N. Leung on **February 15, 2024, at 10:00 a.m.**, in Courtroom 9W, Diana E. Murphy United States Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota. *See* D. Minn. LR 12.1(d). **The parties shall be prepared to continue the hearing into February 16, 2024, if necessary.**

14. **TRIAL: The trial date, and other related dates, including but not limited to motions for counsel to participate in voir dire, will be set by District Judge Nancy E. Brasel. Counsel must contact the Courtroom Deputy for Judge Brasel to confirm the trial date following the ruling on any pretrial motions.**

15. The period of time from **the date of this Order through December 15, 2023**, shall be excluded from Speedy Trial Act computations in this case. *See United States v. Mallett*, 751 F.3d 907, 911 (8th Cir. 2014) ("Exclusions of time attributable to one defendant apply to all codefendants." (quotation omitted)); *United States v. Arrellano-Garcia*, 471 F.3d 897, 900 (8th Cir. 2006) (same).

16. **Should a party request modification of this schedule, any response to such a request shall be filed within three days.**

17. All prior consistent orders relating to the Indictment remain in full force and effect.

18. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: September___12___, 2023          _____*s/ Tony N. Leung*_____
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *United States v. Bock et al.*
                                       Case No. 22-cr-223 (NEB/TNL)