UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/TNL)

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>        Defendant. | DEFENDANT'S MOTION FOR HEARING PURSUANT TO<br>*FRANKS V. DELAWARE*, 438 U.S. 154 (1978) |

**DEFENDANT'S MOTION FOR HEARING PURSUANT TO
*FRANKS V. DELAWARE*, 438 U.S. 154 (1978)**

**I.     Introduction**

In accordance with Federal Rule of Criminal Procedure 12(b)(3)(C), Defendant Aimee Marie Bock respectfully seeks a *Franks v. Delaware*, 438 U.S. 154 (1978) hearing. She also calls for the government to disclose more information to show accuracy of the government agents' affidavits.

On January 14, 2022, FBI Special Agent Travis Wilmer sought and obtained a search warrant related to Aimee Bock.  The warrant, among other properties, included Feeding Our Future's office and Ms. Bock's residence. (22-MJ-040 (TNL) (Jan. 14, 2022).

The affidavit presented materially misleading information about Defendant Bock to the Court.  First, the affiant knowingly or recklessly created a misleading narrative

1

regarding alleged payments to Defendant Bock, in her capacity as the executive director of Feeding Our Future. Specifically, the affiant classified a single payment as a kickback rather than a collection of administrative fees with no indication as to how that determination was made.

Second, the affiant makes an assumption that a kickback is per se illegal, but does not identify a basis for that assumption, thereby not implicating any crime.

Hence, a *Franks* hearing is necessary. The findings thereof should indicate that the Court should exclude all evidence obtained in or arising from these affidavits and warrants.

## II.     Standard

Pursuant to the Supreme Court's decision in *Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978)*, "a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." *United States v. Arnold, 725 F.3d 896, 898 (8th Cir. 2013)*; *see also United States v. Juneau, 73 F.4th 607, 615 n.5 (8th Cir. 2023)* (favorably citing *Arnold*). Such a hearing is commonly referred to as a "*Franks* hearing." *See e.g., Juneau, 73 F.4th at 615 n.5*. "However, in order to merit a *Franks* hearing, [the defendant] must show both (1) that the affiant . . . 'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth' and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause." *Arnold, 725 F.3d at 898*. As the Eighth

2

Circuit has explained, this "requirement of a substantial preliminary showing is not lightly met[.]" *Id.*

### III.   Argument

#### a. Defendant Bock was entitled to charge administrative fees for Feeding Our Future Services.

The government alleged that Feeding Our Future retained "10 to 15 percent of the funds as an administrative fee in exchange for sponsoring the sites, submitting reimbursement claims, and disbursing the federal funds." (Doc. 1 at ¶10).  Sponsoring organizations charging administrative fees are lawful.  See 7 CFR  225, 7 CFR § 226.4(a), 7 CFR § 223.6(f)(iv), and 7 CFR §226.15(e)(6)(i). The Department of Agriculture and Minnesota Department of Education authorizations therefore entitled Feeding Our Future to use those fees for administrative purposes. The Government has not alleged that Defendant Bock used the funds she procured pursuant to 7 CFR 225 and 7 CFR 226 for any other purpose than planning, organizing, and managing a food service. Still, the affiant summarily classified these administrative fees as kickbacks (Aff, Travis Wilmer at ¶18).  The affiant gives no reason as to why he assumes that the $310,000 deposit represented a kickback or that such a deposit otherwise represented fraudulent activity rather than a legitimate transaction.  Affiant further assumes that the money was from a company that was misappropriating funds despite the fact that there was no reasonable basis to believe this was the case since no judicial determination of misappropriation had been made. *Id.*

Here, the affidavit fails to even provide the date that the alleged offense occurred and fails to state that the check was for a legitimate business purpose. A simple search would have shown that Feeding Our Future was entitled to administrative fees and Defendant is entitled to engaged in lawful business transactions. The affiant also failed to note that Defendant Bock was actively involved in reporting organizations that she suspected of fraudulent activity. Further, the affidavit failed to state which of the Defendant's conduct could be classified as unlawful. In doing so, the affiant presupposes fraudulent activity to classify an otherwise legal conduct as fraudulent. Such circular reasoning is not sufficient to support a search warrant.

Thus, by recklessly misstating that Defendant Bock took kickbacks without substantiating how he established that the payment came from improperly obtained funds, the affiant assumed that they did and that formed the basis for the probable cause.

**b. Kickbacks are not per se illegal in Minnesota or federal law.**

Even assuming for a moment that the affiant correctly guessed that Defendant Bock was the recipient of kickbacks, the affiant did not indicate that kickbacks are inherently unlawful or cited his basis for the assumption. *New York v. Amgen Inc.*, 652 F.3d 103, (1st Cir. 2011) deals precisely with this issue. In this case, the court addresses an issue relating to whether Medicaid claims affected by kickbacks are eligible for Medicaid payment. But the court seems to reject the notion that it is settled law that kickbacks are inherently fraudulent practices. See *Amgen*, 652 at 112 ("[the assertion] that [i]t is widely recognized on both the federal and State levels that kickback schemes

4

are fraudulent practices under Medicaid and Medicare . . . stretches too broadly."). Instead, the court turns to relevant state law to determine whether kickbacks are indeed fraudulent. This was enough for the court in *Amgen* to dismiss the claim based on Georgia law. The court allowed the claims from other states which clearly defined kickbacks as fraudulent. *Id.* at 116. Like Medicaid, the implementation of the Child Nutrition Program is a program that is delegated to the states with a federal oversight framework. Therefore, the same reasoning applies here. Regarding federal anti-fraud statutes, they are statutes relating to the healthcare industry. There are no analogous anti-fraud statutes in Minnesota or relating to FDA programs that explicitly define kickbacks or administrative fees as fraudulent *per se*.

Because the affiant in this search warrant makes no claim that the kickback is illegal, they have not alleged any illegal activity, let alone the basis for probable cause.

Regardless, because Defendant maintains that she received no kickbacks while in her role as executive director of Feeding Our Future, there is no indication that administrative fees or kickbacks are fraudulent *per se*. Therefore, the government has failed to establish a basis for probable cause.

**III.     The good faith exception does not apply in the event of a *Franks* violation.**

In this case, the affiant failed to include crucial details in the search warrant affidavit, particularly related to the most relevant elements of Defendant Bock's role as executive director. At the very least, affiant demonstrated recklessness in omitting these details, constituting a *Franks* violation and rendering the good faith exception

inapplicable. Setting aside the *Franks* violation, it is evident that no reasonable officer would have assumed the validity of the warrant due to its lack of essential information. This includes critical details regarding the circumstances of Defendant Bock's duties to recover administrative fees sites she supervised. Additionally, the warrant lacked crucial details regarding the legality of the allegedly unlawful activity. Therefore, the good faith exception is not applicable in this instance.

### IV.  Conclusion

Being that the government agents knowingly and recklessly misstated information as identified in this motion, this Court must find that Defendant Bock has met her burden of substantiating the existence of a *Franks* violations. Accordingly, this Court must allow a *Franks* hearing to subject the affiant to cross-examination.  Defendant Bock may seek other government agents related to the procurement of misleading information.  Further, the government must be ordered to produce all investigative materials related to the procurement of the search warrant.

**KENNETH UBONG UDOIBOK, P.A.**

December 14, 2023

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Flour Exchange Building, Suite 5010 310 Fourth Avenue South
Minneapolis, MN 55415
Phone: (612) 808-6031
k@kenulaw.com

**ATTORNEY FOR DEFENDANT AIMEE MARIE BOCK**