UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                     22-CR-124 (3) (NEB/DTS)

MAHAD IBRAHIM,

           Defendant.

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                     22-CR-222 (NEB/DTS)

LIBAN YASIN ALISHIRE, ET AL.,

           Defendants.

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                     22-CR-223 (NEB/DTS)

AIMEE MARIE BOCK, ET AL.,

           Defendants.

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      22-CR-224 (NEB/DTS)

QAMAR AHMED HASSAN, ET AL.,

          Defendants.

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      22-CR-225 (NEB/DTS)

SHARMAKE JAMA, ET AL.,

          Defendants.

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      22-CR-277 (NEB/DTS)

MEKFIRA HUSSEIN, ET AL.,

          Defendants.

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      22-CR-293 (NEB/DTS)

MOHAMED MUSE NOOR,

          Defendant.

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            23-CR-80 (NEB/DTS)

AYAN FARAH ABUKAR,

        Defendant.

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            24-CR-15 (NEB/DTS)

IKRAM YUSUF MOHAMED, ET AL.

        Defendants.

## ORDER SETTING TRIALS

The above-referenced cases are all related as part of a larger "Feeding our Future" alleged financial fraud scheme, under which the government have charged 70 defendants to date. Early on, these cases were designated as complex for purposes of the Speedy Trial Act pursuant to 18 U.S.C. §§ 316(h)(7)(B)(ii), based on the large volume of discovery, the nature of the evidence collected, and the sheer number of defendants. In some cases, the Court has granted multiple requests from the parties to continue motion hearings, continue trials, or for additional briefing.

After taking several pleas in some of the related cases, this Court held the first trial, captioned *United States v. Abdiaziz Shafii Farah et al. (22-cr-124)*,[1] beginning April 22, 2024. The trial lasted seven weeks. Due to the number and anticipated length of the remaining trials, this Order sets date-certain trials, with more specific trial orders to follow closer to trial dates.

The Court HEREBY ORDERS the following trial schedule. The parties and attorneys involved in each case are to be prepared and available for trial on these dates.[2]

1. **United States v. Aimee Bock, et al. (22-cr-223)**: **February 3, 2025 through May 9, 2025.** Based on the size of the courtroom and other logistical considerations, the Court cannot try all 12 defendants in this case together. The Court will schedule a status conference in November 2024 to decide which defendants shall be tried together and in what order. *The parties are to meet and confer prior to the status conference to work toward an agreement on the groupings and order.* A formal trial notice setting pre-trial deadlines will be issued after the status conference. *Estimated* trial blocks are as follows, to be used for approximately four defendants each:

    a. **February 3 – February 28, 2025;**
    b. **March 10 – April 4, 2025;** and
    c. **April 14 – May 9, 2025.**

    The dates in (a), (b) and (c) are estimates only. While the Court intends to take a break between each block of defendants, the Court cannot anticipate the exact timing of such a break, and so parties and attorneys should leave the entire window between February 3, 2025 through May 9, 2025 open. To accommodate anticipated conflicts, the Court generally will not hold trial on Fridays.

---

[1] In case 22-cr-124, all defendants except Mahad Ibrahim (3) went to trial. Ibrahim's case was severed from the rest approximately four days from the start of trial.

[2] *United States v. Haji Osman Salad et al.* (22-cr-226) has a trial date of November 4, 2024. The Court has set aside six weeks for that trial.

2. **United States v. Mahad Ibrahim (22-cr-124-3):** This case has a pending motion to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161 (h)(7)(A) until the defendant's trial date (ECF No. 491.) The Court grants the motion for the reasons stated in this order. Trial is set for **April 14, 2025**.[3]

3. **United States v. Ahmed Yasin Ali and Khadar Jigre Adan (22-cr-222): September 8, 2025 through October 3, 2025.** In rescheduling this trial, the Court grants the government's unopposed motion to continue the trial (ECF No. 150.) The Court will schedule a status conference at a later date to set pre-trial filing deadlines. To accommodate anticipated conflicts, the Court generally will not hold trial on Fridays.

4. **United States v. Qamar Ahmed Hassan, et al. (22-cr-224): October 14, 2025 through November 14, 2025.** The Court will schedule a status conference at a later date to set pre-trial filing deadlines. To accommodate anticipated conflicts, the Court generally will not hold trial on Fridays.

5. **United States v. Sharmake Jama, et al. (22-cr-225): December 1, 2025, through December 23, 2025.** The Court will schedule a status conference at a later date to set pre-trial filing deadlines. To accommodate anticipated conflicts, the Court generally will not hold trial on Fridays.

6. As to the remaining cases, **United States v. Mekfira Hussein, et al. (22-cr-277), United States v. Mohamed Muse Noor (22-cr-293), United States v. Ayan Farah Abukar (23-cr-80), and United States v. Ikram Yusuf Mohamed (24-cr-15)**[4]**:** The Court will set trial dates at a later date. Note that if any of the above-referenced cases do not go to trial, *the cases listed in this paragraph may be tried in their place.* The Court will set status conferences to keep parties apprised of changes in schedules.

7. The Magistrate Judge designation in this case has been changed to United States Magistrate Judge David T. Schultz. Judge Schultz will issue case management orders in these cases as he deems necessary and appropriate.

---

[3] The Court has also used this trial block for a portion of the United States v. Bock (22-cr-223) trial. Like the Bock parties, the Ibrahim parties will be called into a status conference in November 2024 to discuss the use of this trial block.

[4] A few cases include defendants who are all fugitives, *e.g., United States v. Sade Osman Hashi* (23-cr-81) and *United States v. Said Ereg, et al.* (24-cr-13.) These cases will be added to the Court's trial order once defendants have appeared before the Court.

Based on the complexity of the cases, the nature of the cases as related, to give adequate time for counsel to prepare and to ensure continuity of counsel, the Court finds that the ends of justice served by the granting of these continuances outweigh the best interest of the public and the Defendants in a speedy trial. The Court thus excludes the speedy trial time from July 25, 2024, until each trial date listed above by the Court pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated: July 25, 2024                BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge