UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO: 22-CR-223 (NEB/DTS)

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br><br>Aimee Marie Bock (1),<br><br>    Defendant. | **DEFENDANT BOCK'S MOTION TO COMPEL THE GOVERNMENT TO PRODUCE DISCOVERY PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 16 AND *BRADY V. MARYLAND*** |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this Court to compel the United States of America (hereinafter "Government") to produce complete discovery in this case pursuant to Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland*, 373 U.S. 83 (1963). Although Defendant has made informal attempts to resolve this issue and the Government has expressed willingness to comply, Defendant herewith formally requests the production of outstanding materials obtained from Feeding Our Future's employee electronic devices, Monday.com, Center Pilot, and CLiCS. These materials are critical to Defendant's defense, particularly with the upcoming trial, as their absence would significantly hinder her ability to mount an effective defense.

The Government has indicted Defendant for her alleged role as Executive Director of Feeding Our Future, where she is accused of overseeing a scheme to defraud the

1

Federal Child Nutrition Program. The indictment claims that Defendant and Feeding Our Future recruited individuals and entities to establish over 200 fraudulent sites that falsely claimed to provide meals to thousands of children daily. Despite knowing these claims were fraudulent, Defendant is alleged to have submitted them to the Minnesota Department of Education (MDE) and facilitated the disbursement of fraudulently obtained funds. Additionally, the indictment asserts that Defendant and Feeding Our Future dramatically increased the number of fraudulent sites, leading to a rise in funds received—from $3.4 million in 2019 to nearly $200 million in 2021. Defendant is also alleged to have solicited and received bribes and kickbacks, written fraudulent checks for $1,135,171 in Federal Child Nutrition Program funds, sold the Southcross site for $310,000 through a fraudulent contract, and signed applications and vendor contracts to facilitate the scheme. (Doc. #1, ¶¶ 10, 24, 28, 30, 33, 48, 89, 103, 104, 106, 116, 140, and 141).

## BACKGROUND

This Court is familiar with the scope of discovery in this case (Doc. #129, p. 2). Defendant has made timely discovery requests and engaged in informal efforts to obtain crucial exculpatory materials. As of the filing of this motion, however, the Government has not provided all such materials. Another round of disclosures was made today, but informal discussions continue, and the materials in question remain in the Government's custody.

Defendant is aware that these materials exist because they were seized by the Government during the execution of search warrants. Notably, a member of the media,

Zara Frost, has written multiple articles utilizing materials the Government has yet to provide to Defendant. Despite this, the documents made available to Defendant have been delivered in unusable formats for review, while Frost has accessed and used the materials in her reporting. *See Nourishing Truth – Unpacking the Feeding Our Future Scandal, https://feedingourfuture.substack.com*. Some of Frost's articles include embedded photographs, videos, and audio recordings that are only found on the electronic devices of Feeding Our Future employees, including those associated with Monday.com, Center Pilot, and CLiCS.

    Defendant now moves this Court to order the Government to produce the materials from Feeding Our Future, including those from Monday.com, Center Pilot, CLiCS, and the devices of Feeding Our Future employees, including cell phones and iPads seized during the investigation. These materials are critical to Defendant's defense, as they have already been used in the Government's previous trial in *United States v. Abdiaziz Shafii Farah, et al.*, 22 CR 124 (NEB/DTS), and, despite confirmation of their existence by the media, the Government has not produced them to Defendant, even though they have been disclosed to other defendants in the case.

    *Monday.com*

    Monday.com is a cloud-based project management platform used by Feeding Our Future to process and manage claims. Employees input claims from sponsored sites into Monday.com, which were then transmitted to Center Pilot for further processing. The materials stored in Monday.com are central to the Government's conspiracy and bribery charges and may provide exculpatory evidence that supports Defendant's case.

*Center Pilot*

Center Pilot is a web-based software used to manage claims for the Child Care Food Program (CACFP). Feeding Our Future employees used this system to populate claims for submission to the MDE through CLiCS. All claims submitted by Feeding Our Future were processed *via* Center Pilot, and the information within it could shed light on the procedures and oversight involved in claim submission, providing crucial evidence for Defendant's defense.

*CLiCS*

CLiCS (Cyber-Linked Interactive Child Nutrition System) is the application used by MDE to manage federally assisted nutrition programs in Minnesota. Feeding Our Future submitted claims for reimbursement through CLiCS. However, the Government has withheld complete access to these claims, even though it possesses them. CLiCS contains vital information, including the identities of individuals who submitted claims and MDE personnel involved in reviewing and approving them, which is essential to Defendant's defense and the jury's understanding of the scope of the alleged fraud.

*Electronic Devices*

Feeding Our Future employees used their electronic devices for daily communications, site inspections, and activities related to the Federal Child Nutrition Program. The Government seized a significant number of devices, including phones and tablets, but only a limited number of these have been produced to Defendant. Furthermore, the disclosed devices were provided in unusable formats. Meanwhile, media reports, particularly by Zara Frost, suggest that Frost has accessed critical audio

4

and video recordings from these devices. The materials on these devices are exculpatory and necessary for Defendant's case, as indicated by the following articles written by Frost:

    1. The Real Story of Hadith Ahmed: A 'Right-Hand Man' or a Rogue Actor in the Feeding Our Future Case? (https://feedingourfuture.substack.com/p/the-real-story-of-hadith-ahmed).

    2. "Figure It Out Yourselves," How MDE Abandoned Those Seeking Help, Then Helped Prosecute Them.  (https://feedingourfuture.substack.com/p/figure-it-out-yourselves).

    3. When Approval Becomes Entrapment (https://feedingourfuture.substack.com/p/when-approval-becomes-entrapment).

    4. Feeding Our Future: A Rogue Actor, Tunnel Vision, and the Case for Transparency.  (https://feedingourfuture.substack.com/p/feeding-our-future-a-rogue-actor).

    5. When Oversight Becomes Afterthought. (https://feedingourfuture.substack.com/p/when-oversight-becomes-afterthought).

    6. From Terminations to Transfers: Operational Patterns That Dispute The Pay-to-Play Narrative.  (https://feedingourfuture.substack.com/p/from-terminations-to-transfers-operational).

    7. Feeding Our Future: When Surveillance Footage Contradicts Fraud Allegations. (https://feedingourfuture.substack.com/p/feeding-our-future-when-surveillance)

8. MDE's Credibility Crisis: The Crumbling Foundation of the Feeding Our Future Investigation. (https://feedingourfuture.substack.com/p/mdes-credibility-crisis)

9. Exclusive: Potential Game-Changer in Feeding Our Future Case. (https://feedingourfuture.substack.com/p/exclusive-potential-game-changer).

10. When Oversight Becomes Afterthought: How MDE Ignored 75 Boxes of Records While Claiming Fraud at Feeding Our Future. (https://feedingourfuture.substack.com/p/when-oversight-becomes-afterthought).

This memorandum supports Defendant's motion to compel the production of materials stored on Monday.com, Center Pilot, CLiCS, and the electronic devices of Feeding Our Future employees. The Government obtained these materials, used some in its last trial, *United States v. Abdiaziz Shafii Farah, et al.*, 22 CR 124 (NEB/DTS), and may have disclosed them to other defendants. However, the Government has failed to provide them to Defendant, despite media confirmation of their existence. The Government previously promised to disclose these materials during a status conference with this Court. While Defendant has reviewed the Government's discovery letter accompanying today's new disclosures, the materials from Monday.com, Center Pilot, CLiCS, and employees' devices are still absent.

## ANALYSIS

Under the *Brady* doctrine, the prosecution must disclose all evidence favorable to the accused that is material to guilt or punishment. *Dye v. Stender,* 208 F.3d 662, 665 (8th Cir. 2000) (citing *Brady,* 373 U.S. at 87). This includes favorable evidence known to law enforcement. *United States v. Walrath*, 324 F.3d 966 (8th Cir. 2003); *United States v.*

6

*Robinson*, 809 F.3d 991, 996 (8th Cir. 2016). Defendant seeks the disclosure of materials from Monday.com, CLiCS, Center Pilot, and Feeding Our Future employees' devices, all of which contain evidence favorable to Defendant. The existence of these materials has been confirmed by Zara Frost's reports, as noted above. The failure to produce these materials would violate Defendant's right to a fair trial and undermine the fairness of the proceedings.

The withheld materials are crucial to Defendant's defense as they provide insight into how Feeding Our Future's claims were processed, which could exonerate Defendant by demonstrating that she did not oversee a fraudulent scheme. The Government's failure to disclose these materials creates a reasonable probability that Defendant would not be able to mount an effective defense. Therefore, the failure to produce this evidence violates the *Brady* rule and threatens the fairness of the trial. *See United States v. Jeanpierre,* 636 F.3d 416, 423 (8th Cir. 2011).

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court order the Government to produce and supplement discovery in compliance with *Brady*, including the materials stored in Monday.com, Center Pilot, CLiCS, and the electronic devices of Feeding Our Future employees.

####

                                        **KENNETH UBONG UDOIBOK, P.A.**

December 11, 2024                            /s/Kenneth U. Udoibok
                                              Kenneth U. Udoibok (#0262523)
                                              Flour Exchange Building, Suite
                                              5010 310 Fourth Avenue South
                                              Minneapolis, MN 55415
                                              Phone: (612) 808-6031
                                              *k@kenulaw.com*

                                              **ATTORNEY FOR DEFENDANT**
                                              **AIMEE MARIE BOCK**