**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**CRIMINAL NO: 22-CR-223 (NEB/DTS)**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>        Defendant. | **DEFENDANT AIMEE BOCK'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR CONTINUANCE** |

## INTRODUCTION

Defendant Aimee Marie Bock (hereinafter "Defendant"), through her counsel, Kenneth Udoibok, respectfully moves this court for a 30-day continuance of the scheduled trial. The continuance is requested to allow the United States of America (hereinafter "Government") to complete its disclosures and to afford Defendant sufficient time to review the disclosed materials. Additionally, Defendant has suddenly fallen seriously ill, having been diagnosed with bronchitis and pneumonia.

Earlier, Defendant sought the court's intervention regarding discovery issues. However, the parties have since resolved the matter, with the Government agreeing to produce the materials voluntarily. Given the discovery volume and the time required to review it, Defendant cannot fully examine the materials and prepare witness and exhibit lists in time for the trial.

1

## FACTS

The Government has indicted Defendant for her alleged role as the Executive Director of Feeding Our Future, where she is accused of overseeing a scheme to defraud the Federal Child Nutrition Program. (Doc. #1). According to the indictment, Defendant and Feeding Our Future recruited individuals and entities to establish over 200 fraudulent sites, falsely claiming to provide daily meals to thousands of children. Despite knowing the claims were fraudulent, Defendant is alleged to have submitted these claims to the Minnesota Department of Education and disbursed the fraudulently obtained funds. The indictment further alleges that Feeding Our Future substantially increased the number of sites and funds received during the pandemic, growing from $3.4 million in 2019 to nearly $200 million in 2021. (Id.).

The Government's case relies heavily on electronic evidence from Feeding Our Future employees' devices and platforms, such as Monday.com, Center Pilot, and CLiCS. On December 12, 2024, the Government produced the Monday.com and Center Pilot data, and the court ruled moot the Defendant's Motion to Compel Discovery. (Doc. #380). On December 1, 2024, the Government disclosed approximately 47.6 gigabytes of data to the court-appointed discovery counsel, John Ellis, Jr. However, those materials have not yet been uploaded to Case Point, the discovery platform used for this litigation. Moreover, the Government has promised to produce an additional 10 terabytes of data related to the electronic devices of Feeding Our Future employees.

These electronic devices are central to the Defendant's defense. Feeding Our Future employees used their devices for daily communications, site inspections, and

activities related to the Federal Child Nutrition Program. During the investigation, the Government seized many of these devices, including phones and tablets. On December 17, 2024, the Government notified the parties that it intended to use information from the seized devices as trial exhibits. The Government also instructed defendants to provide 4-terabyte hard drives for downloading the data. It further promised to make available extraction software, such as Cellebrite/Axium, to facilitate the extraction process.

However, when Defendant received her electronic device, the data format was such that she could not access the materials without the assistance of an electronic expert. As promised, the Government plans to disclose an additional 10 terabytes of data by the end of this week, potentially including data from Feeding Our Future employees' devices. Given the massive volume of this data, it will be impossible for Defendant to review the materials in time for the trial, scheduled for February 3, 2025, and meet the trial document submission deadlines. Accordingly, Defendant respectfully requests a 30-day continuance to allow the Government to complete its disclosure obligations and to give Defendant adequate time to review the materials and recover from her illness.

## ANALYSIS

A continuance is necessary due to the large volume of data that the Government is set to produce at the end of this week. Defendant simply cannot review 10 terabytes of data, comply with the court's document submission deadline, and be trial-ready by February 3, 2025.  In the Eighth Circuit, courts consider several factors when determining whether to grant a continuance. These factors include:

1. The nature of the case and whether the parties have been allowed adequate time for trial preparation;

2. The diligence of the party requesting the continuance;

3. The conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;

4. The effect of the continuance and whether a delay will seriously disadvantage either party; and

5. The asserted need for the continuance, with weight given to sudden exigencies and unforeseen circumstances. *United States v. Bernhardt,* 642 F.2d 251 (8th Cir. 1981); *United States v. Kopelciw*, 815 F.2d 1235 (8th Cir. 1987); *United States v. Robinson,* 662 F.3d 1028 (8th Cir. 2011).

In this case, the nature of the charges involves a large volume of electronic data requiring adequate review time. Defendant has demonstrated diligence by promptly requesting the continuance upon learning of the data production and her illness. As reflected in earlier motions, the parties have also made informal efforts to resolve discovery issues. The complexity and volume of discovery in this case are significant and have been recognized by the court. (Docs. #129, #157, #170, #243, #254, #318).

Additionally, the court has designated this case as complex. (Doc. #95). The court also appointed discovery counsel to manage the distribution of discovery materials, recognizing the complexity of the case and the number of defendants involved. There is no indication of any lack of cooperation from the Government or Defendant. A continuance would allow Defendant to adequately prepare for trial without seriously

disadvantaging either party. The need for continuance arises from the unforeseen circumstances of the Defendant's illness and the disclosure of 10 additional terabytes of data just before the trial document submissions are due.

For these reasons, Defendant respectfully requests that the court grant her motion for a continuance, allowing her to recover from her illness, review the data, and adequately prepare for trial.

**KENNETH UBONG UDOIBOK, P.A.**

December 24, 2024

/s/Kenneth U. Udoibok
Kenneth U. Udoibok (#0262523)
Flour Exchange Building, Suite 5010 310 Fourth Avenue South
Minneapolis, MN 55415
Phone: (612) 808-6031
*k@kenulaw.com*

**ATTORNEY FOR DEFENDANT
AIMEE MARIE BOCK**