UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S MOTION IN LIMINE FOR RULING REGARDING WAIVIER OF ATTORNEY-CLIENT PRIVILEGE** |
| v. | |
| 1. AIMEE MARIE BOCK | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following motion in limine for a ruling making clear that, by calling and eliciting testimony from her counsel, Rhyddid Watkins, Bock would waive her attorney-client privilege.

Voluntary disclosure of attorney client communications expressly waives the privilege. *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (cleaned up). The privilege can also be implicitly waived, including "when a client places the attorney-client relationship directly at issue" or "asserts reliance on an attorney's advice as an element of a claim or defense." *Zink v. Lombardi*, No. 2:12-CV-4209-NKL, 2013 WL 11762153, at *4 (W.D. Mo. June 18, 2013) (quoting *Sedco Int'l, S. A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir. 1982)).

Here, by calling Watkins (who appears on Bock's witness list) to testify, Bock would be putting her communications with him at issue. *See Sanders v. Kohler Co.*,

No. 4:08CV00222 SWW, 2009 WL 10711601, at *9 (E.D. Ark. Oct. 7, 2009) (ruling waiver will occur if defendant calls its counsel as witnesses or relies on advice-of-counsel defense). Watkins represented Bock, and Feeding Our Future, in that entity's lawsuit against MDE. The indictment charges that Bock and her co-conspirators manufactured that lawsuit in bad faith to chill MDE's regulation and enforcement over Feeding Our Future. In that suit, Bock and Feeding Our Future claimed to be adhering to all food program rules and to be sponsoring and supervising sites actually distributing thousands and thousands of meals per day. The government expects that Bock's defense at trial will be consistent with the defense she has given publicly: namely that, as Watkins assisted her in alleging in that civil suit, Feeding Our Future operated within the rules and, if any technical noncompliance occurred, it owed to the program's complicated legal framework. To the extent she intends to offer testimony from Watkins seeking to justify the approach of Bock and Feeding Our Future under the program, that testimony necessarily will implicate Bock/Watkins communications and result in waiver.[1] *See Sedco*, 683 F.2d at 1206.

If, instead, Bock were allowed to introduce such testimony from Watkins then shield him from relevant cross examination on the basis of privilege, the government would be deprived its fair opportunity to cross examine the witness and its case would be unfairly prejudiced. The law does not countenance that outcome. *See Workman*,

---

[1] To the extent Bock intends to present an advice-of-counsel defense, that defense is improper and should be precluded, as discussed in the government's contemporaneously filed motion in limine regarding preclusion of improper defenses. *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006); *see also* Model Crim. Jury Instr. 8th Cir. § 9.09 (2021).

2

138 F.3d at 1264 ("The attorney client privilege cannot be used as both a shield and a sword[.]"); *Union County v. Piper Jaffray & Co.,* 248 F.R.D. 217, 220 (S.D. Iowa 2008) (to avoid unfair prejudice, implied waiver occurs if the privilege holder asserts a position "the truth of which can only be assessed by examination of the privileged communication"). The Court accordingly should issue an order making clear that if Bock calls Watkins to so testify, it will constitute a waiver of her privilege.

Dated: January 10, 2025                    Respectfully Submitted,

                                                      ANDREW M. LUGER
                                                      United States Attorney

                                                      */s/ Joseph H. Thompson*

BY:    JOSEPH H. THOMPSON
       HARRY M. JACOBS
       MATTHEW S. EBERT
       DANIEL W. BOBIER
       Assistant United States Attorneys