UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-223 (NEB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **MOTION TO REVISE PRELIMINARY JURY INSTRUCTIONS** |
| 1. AIMEE MARIE BOCK, and | |
| 3. SALIM AHMED SAID, | |
| Defendants | |

The United States, by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Joseph H. Thompson, Matthew S. Ebert, Harry M. Jacobs, and Daniel W. Bobier, Assistant United States Attorneys, hereby request that the Court revise its preliminary jury instructions consistent with the redlines in the attached Exhibit A.

## BACKGROUND AND ARGUMENT

On January 16, 2025, the Court held its pretrial conference in this case. The Court invited feedback from the parties on its proposed, preliminary instructions. After discussion on the record, the Court directed the parties to submit proposed redlines consistent with their on-the-record requests. The government's submission contains two requested edits.

First, the government asks for changes to the way the money laundering counts, both substantive and conspiracy, are described in the instructions. No

defendant raised an objection to those proposed changes at the pretrial hearing, and the Court granted the request. Those redlines are incorporated in Exhibit A.

Second, the government asks for changes to the language describing Element Two of the substantive bribery counts.[1] Those redlines are also incorporated in Exhibit A. As discussed at the hearing, the language in the Court's originally proposed draft could improperly suggest to the jury that a guilty verdict cannot be returned on the bribery charges unless the bribe (or agreement to pay/receive the bribe) occurred before the first moment that Feeding Our Future began sponsoring the defendant's participation in the food program. That would be improper because it does not align with the charged scheme: Salim Said is charged with paying kickbacks (and Aimee Bock is charged with soliciting and accepting them) in exchange for Feeding Our Future's *continued* sponsorship. That is, Feeding Our Future required ongoing, rolling kickbacks in exchange for its continued submission of fraudulent claims and distribution of fraud proceeds.

Nothing about these charges offends *Snyder v. United States*, 603 U.S. 1 (2024). As the Court has observed already, *Snyder* just requires the bribe (or agreement to pay/accept the bribe) to have occurred before some "official act." Dkt. 402 at 13-20. Here, in exchange for a series of kickbacks, Feeding Our Future undertook a series of official acts (such as submission of additional, fraudulent meal counts and payments of additional fraud proceeds to the sponsored defendants). Under the law,

---

[1] On this second issue, among the defendants, only Abdulkdair Nur Salah voiced any position. By entering his subsequent guilty plea, Salah has withdrawn his motions on this issue. Dkt. 496 at 3.

the government can obtain convictions on the bribery counts by proving as much beyond a reasonable doubt. Neither *Snyder* nor Section 666 requires the government to prove that the bribes or agreements preceded the start of the sponsorship, and the instructions should not suggest otherwise.

Dated: January 30, 2025                                Respectfully Submitted,

                                                                 LISA D. KIRKPATRICK
                                                                 Acting United States Attorney

                               BY:    */s/ Joseph H. Thompson*
                                                             JOSEPH H. THOMPSON
                                                             MATTHEW S. EBERT
                                                             HARRY M. JACOBS
                                                             DANIEL W. BOBIER
                                                             Assistant United States Attorneys