UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>vs.<br>Aimee Marie Bock (1),<br><br>Defendant. | CRIMINAL NO: 22-CR-223 (NEB/DTS) |

**MOTION FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL**

Pursuant to Rule 33(a) and 33 (b)(2) of the Federal Rules of Criminal Procedure, Defendant Aimee Marie Bock (hereinafter "Defendant") respectfully moves this Court for a judgment of acquittal or a new trial because the evidence posited by the United States of America (hereinafter "Government") at trial was insufficient to sustain a conviction on Counts 1, 2, 4, 5, 12, 15 and 40 of the indictment against the Defendant.

It was apparent that the Government needed a convenient defendant, such as the Defendant among a host of executive directors of food nutrition organizations in the state of Minnesota, to justify the errors created by the relaxation of regulations governing the COVID-19-era federal food nutrition programs. The Government ignored that all the reimbursement claims submitted by Feeding Our Future through the Defendant to the Minnesota Department of Education (hereinafter referred to as "MDE") were approved by MDE.

1

The parties who submitted false reimbursement claims were site operators and vendors, not the Defendant. Unlike MDE, the Defendant had limited authority to uncover clever fraudulent activities of site and vendor operators and should not be held responsible for other people's criminal behavior.

After six weeks of trial, the Government failed to present any evidence that the Defendant orchestrated, and personally benefited from, the millions misappropriated by other entities. The Government paraded as evidence flamboyant purchases and lifestyles of co-defendants involved in the food program and the Defendant's African American former boyfriend to inflame the jury. The Government even improperly suggested that the Defendant accused MDE of racial or national origin discrimination. This strategy was intended to inflame the jury, who could not have considered all the exhibits presented after six weeks of trial in less than five hours of deliberation.

The verdict in this case is against the weight of evidence in favor of the Defendant. The Government failed to present sufficient evidence linking the Defendant to the offenses, let alone show that the Defendant conspired with Defendant Salim Ahmed Said or any other person to commit wire fraud or federal program bribery.

Furthermore, the Government failed to present sufficient evidence that the Defendant committed wire fraud and engaged in bribery in the federal nutrition program. The trial revealed that the Government presented speculative testimony linking the Defendant to the alleged crimes. Indeed, even the prima facie evidence weighed heavily against the verdict because it lacked a causal link to the Defendant.

Accordingly, a miscarriage of justice will occur if the verdict is not vacated and/or a new trial is not set. The Defendant was convicted because of the crimes of others. The speed with which the jury returned its verdict after six weeks of trial lends credence to the need for a new trial.

                                            Respectfully Submitted

                                        **KENNETH UBONG UDOIBOK, P.A.**

April 2, 2025                                 s/Kenneth U. Udoibok
                                            Kenneth U. Udoibok (#0262523)
                                            Flour Exchange Building, Suite 5010
                                            310 Fourth Avenue South
                                            Minneapolis, MN 55415
                                            Phone: (612) 808-6031
                                            *k@KenULaw.com*

                                            **ATTORNEY FOR DEFENDANT**
                                            **AIMEE MARIE BOCK**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Aimee Marie Bock (1),<br><br>Defendant. | CRIMINAL NO: 22-CR-223 (NEB/DTS) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL**

## I.   SUMMARY OF FACTS

On September 13, 2022, 14 defendants were indicted for a massive scheme to defraud the federal child nutrition program of millions of dollars during the COVID-19 pandemic. The defendants were alleged to have exploited changes to the program meant to ensure children received meals during school closures. Instead of feeding children, they were alleged to have misappropriated millions in federal funds for their personal gain. (ECF. Doc. 1). But the Government failed to demonstrate that the Defendant orchestrated or personally benefited from the misappropriated funds.

*Background of the Federal Child Nutrition Program*

The Food and Nutrition Service of the United States Department of Agriculture (hereinafter referred to as "USDA") administers programs that provide free meals to

4

children, including the Summer Food Service Program and the Child and Adult Care Food Program. The programs reimburse organizations for serving meals to children in low-income areas. During the pandemic, the USDA waived specific requirements, allowing for-profit restaurants to participate and distribute meals outside of educational programs.

*The Defendants and Their Roles*

The Defendant was the executive director of Feeding Our Future, which is alleged to have sponsored hundreds of fraudulent meal sites. Other defendants created shell companies and fake meal sites that claimed to be serving thousands of meals daily. Key players included Abdikerm Eidleh and Hadith Yusuf Ahmed, who recruited sites for Feeding Our Future that fraudulently claimed to have served millions of meals.  The Defendant only submitted reimbursement claims that were initially approved by the site operators and ultimately approved by MDE.

*The Fraudulent Scheme*

The defendant owners of some sites submitted unbeknownst to Defendant Bock false reimbursement claims for millions of meals that were never served to children. Feeding Our Future received over $18 million in administrative fees for sponsoring sites, unaware that some of these sites were submitting fraudulent reimbursement claims. Some people paid kickbacks to Feeding Our Future employees, such as Abdikerm Eidleh and Hadith Yusuf Ahmed, in exchange for sponsorship; however, the Government failed to show that the Defendant knew or received the bribes or kickbacks.

*Defendant Aimee Bock's Indictment*

The Defendant was charged with conspiracy to commit wire fraud, federal programs bribery, and wire fraud, as well as bribery of federal programs. The Defendant faced trial for conspiring with Salim Ahmed Said and others to commit wire fraud and federal program bribery. On March 19, 2025, less than 5 hours after a 6-week trial, the jury returned a guilty verdict on all counts against the Defendant. However, the Government failed to present sufficient evidence that the Defendant conspired to commit wire fraud and federal program bribery and engaged in wire fraud and bribery involving federal programs.

## II.   CONSPIRACY—COUNTS 1 & 15

*Introduction*

The Government failed to present sufficient evidence to the jury to prove beyond a reasonable doubt that the Defendant conspired to submit false reimbursement claims for meals that were never served to children. Under the legal standards governing conspiracy and sufficiency of evidence in the Eighth Circuit, the evidence presented at trial was insufficient to establish the essential elements of conspiracy.

*Legal Standards*

To prove conspiracy, the Government must establish three elements: (1) an agreement between two or more persons to pursue an unlawful objective, (2) the Defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy, and (3) an overt act by one or more members of the conspiracy in furtherance of the objective. *United States v. Wrehe*, 628 F.2d 1079 (8th Cir. 1980); *United States v.*

*Pardue*, 983 F.2d 835 (8th Cir. 1993). Each element may be proven by circumstantial evidence, and proof of a tacit conspiratorial agreement is sufficient. *United States v. Mauskar*, 557 F.3d 219 (5th Cir. 2009). Fraudulent intent need not be proved directly and can be inferred from the facts and circumstances surrounding a defendant's actions. *United States v. Hetherington*, 256 F.3d 788 (8th Cir. 2001). Circumstantial evidence alone can prove the elements of conspiracy, including knowledge. *United States v. Woods*, 2018 U.S. Dist. LEXIS 126132, 2018 WL 3579477 (W.D. Ark., July 2018).

However, a defendant challenging the sufficiency of the evidence in a conspiracy case faces a heavy burden. The jury may draw reasonable inferences from the evidence presented about the defendant's state of mind. On appeal, the denial of a motion for a judgment of acquittal is reviewed *de novo*. The appellate court will affirm the jury's verdict unless, viewing the evidence in the light most favorable to the Government, no reasonable jury could have found the defendant guilty. *United States v. Little*, 961 F.3d 1035 (8th Cir. 2020); *United States v. Izaguirre Guerrero*, 674 Fed. Appx. 604, 2017 U.S. App. LEXIS 2081, 2017 WL 480505 (8th Cir. 2017).

*Failure to Prove an Agreement to Commit an Unlawful Objective*

The Government failed to present sufficient evidence to establish that the Defendant agreed with others to submit false reimbursement claims. While circumstantial evidence may be used to prove a conspiracy, the evidence must demonstrate more than mere speculation or conjecture. The Government did not provide direct evidence of an agreement, nor did it present circumstantial evidence sufficient to infer a tacit understanding between the Defendant and any alleged co-conspirators. Without evidence

7

of a meeting of minds, the Government failed to satisfy the first element of conspiracy. *United States v. Wells*, 706 F.3d 908 (8th Cir. 2013).

*Insufficient Evidence of Knowledge and Intent*

The Government also failed to prove that the Defendant had knowledge of the alleged unlawful objective or that she voluntarily agreed to join the conspiracy. Fraudulent intent cannot be presumed and must be established through evidence. While the Government may rely on circumstantial evidence to prove intent, the evidence presented at trial did not support a reasonable inference that the Defendant knowingly and intentionally participated in a scheme to defraud. *United States v. Davis*, 901 F.3d 1030 (8th Cir. 2018). The absence of direct evidence of the Defendant's intent, combined with the lack of compelling circumstantial evidence, renders the Government's case insufficient.

*No Overt Act in Furtherance of the Conspiracy*

The Government failed to demonstrate that the Defendant committed or participated in any overt act in furtherance of the alleged conspiracy. An overt act is a necessary element of conspiracy, and the Government must prove that such an act was taken to advance the unlawful objective. *United States v. McCarty*, 611 F.2d 220 (8th Cir. 1979); *United States v. Hermes*, 847 F.2d 493 (8th Cir. 1988). The evidence presented at trial did not establish that the Defendant took any specific actions to further the alleged scheme to submit false reimbursement claims. For example, the reimbursement claims that she filed with MDE were approved by MDE. The childcare business she sold was a well-established business, except for the enrollment of children. The School Age

Consulting's manual was purchased by people not involved in the child food nutrition business. The Government failed to demonstrate the Defendant's overt conspiratory act.

*Failure to Meet the Standard for Sufficiency of Evidence*

The appellate standard for reviewing the sufficiency of the evidence requires the court to view the evidence in the light most favorable to the Government. *United States v. Norquay*, 987 F.2d 475 (8th Cir. 1993); *United States v. Covos*, 872 F.2d 805 (8th Cir. 1993). However, even under this deferential standard, the evidence presented at trial was insufficient to support the jury's verdict. The Government's case relied heavily on speculation and conjecture rather than concrete evidence of the Defendant's participation in a conspiracy.

*Conclusion*

For the reasons stated above, the Government failed to present sufficient evidence to prove beyond a reasonable doubt that the Defendant conspired to submit false reimbursement claims for meals that were never served to children. The evidence presented at trial did not establish the essential elements of conspiracy, and the jury's verdict cannot be sustained.

Accordingly, Defendant respectfully requests that the court grant her motion for a judgment of acquittal or a new trial on Counts 1 and 15 of the indictment.

### III.    WIRE FRAUD—COUNTS 4, 5, 8, 12

*Introduction*

The Defendant respectfully asserts that the Government failed to present sufficient evidence to prove beyond a reasonable doubt that she committed wire fraud, in violation

9

of 18 U.S.C. 1343, by submitting reimbursement claims for meals that were never served to children. The evidence presented at trial was insufficient to establish the essential elements of wire fraud, and the jury's verdict cannot be sustained.

*Legal Standards*

To prove wire fraud under 18 U.S.C. 1343, the Government must establish three essential elements: (1) intent to defraud, (2) participation in a scheme to defraud, and (3) the use of a wire in furtherance of the fraudulent scheme. *United States v. Garbacz*, 33 F.4th 459 (8th Cir. 2022); *United States v. Roberts*, 881 F.3d 1049 (8th Cir. 2018). The false or fraudulent representation must also be material to the scheme. Intent to defraud need not be proven by direct evidence and may be inferred from circumstantial evidence; however, the evidence must be sufficient to establish the Defendant's knowledge and intent to participate in the fraudulent scheme. *United States v. Davis*, 901 F.3d 1030. The sufficiency of the evidence is reviewed *de novo*, and the jury's verdict will be upheld unless no reasonable jury could have found the Defendant guilty when viewing the evidence in the light most favorable to the Government. *United States v. Thompson*, 686 F.3d 575 (8th Cir. 2012).

*Failure to Prove Intent to Defraud*

The Government failed to present sufficient evidence to establish that the Defendant acted with the requisite intent to defraud. While the intent to defraud may be inferred from circumstantial evidence, the evidence must demonstrate more than mere speculation or conjecture. The Government did not provide direct evidence of the Defendant's intent, nor did it present circumstantial evidence sufficient to infer that she

10

knowingly and intentionally participated in a scheme to defraud. *United States v. Davis*, 901 F.3d 1030. The mere submission of reimbursement claims, without evidence of the Defendant's knowledge that the claims were false or her intent to deceive, is insufficient to establish intent to defraud. MDE approved all the claims submitted by the Defendant.

*Insufficient Evidence of Participation in a Scheme to Defraud*

The Government also failed to prove that the Defendant participated in a scheme to defraud. To establish this element, the Government must show that the Defendant knowingly devised or participated in a scheme with the intent to defraud. The evidence presented at trial did not demonstrate that the Defendant knowingly engaged in any fraudulent activity. The Government's case relied heavily on the assertion that meals were not served as claimed. Still, it failed to connect the Defendant to any deliberate or knowing participation in a scheme to submit false claims. Without evidence of the Defendant's active and knowing participation, the Government cannot satisfy this element of wire fraud.

*Failure to Prove Use of a Wire in Furtherance of the Fraudulent Scheme*

The Government must also prove that wire communication was used in furtherance of the fraudulent scheme. While the use of a wire may be established through circumstantial evidence, the Government must demonstrate that the wire communication was directly connected to the execution of the fraudulent scheme. *United States v. Bock*, 2025 U.S. Dist. LEXIS 492, 2025 WL 18629 (D. Minn. January 2, 2025); *United States v. Hecker*, 2010 U.S. Dist. LEXIS 89740, 2010 WL 3463393 (D. Minn. July 6, 2010). The evidence presented at trial did not establish that the Defendant used any wire

communication with the intent to further a fraudulent scheme. *United States v. Earles*, 955 F.2d 1175. For example, Government Exhibits Z-2, Z-4, Z-5, and Z-12, which were offered at trial to demonstrate the Defendant's furtherance of the fraud scheme, were misleading. Besides the claims being approved by MDE, the Government failed to show that the Defendant received Government Exhibit Z-12 and acted upon it. Without this connection, the Government cannot satisfy the third element of wire fraud.

*Failure to Prove Materiality of the Alleged Fraudulent Representations*

The Government must also prove that the false or fraudulent representations were material to the scheme. Materiality requires that the misrepresentation had a natural tendency to influence, or was capable of influencing, the decision of the party to whom it was addressed. The evidence presented at trial did not establish that the alleged false claims were material to the reimbursement process. The Defendant did not create the fake meal counts. She was unaware of the fraudulent meal counts. The parties whom she knew were engaging in fraudulent conduct in the program were terminated by the Defendant. Without evidence of materiality, the Government's case fails as a matter of law.

*Insufficiency of Evidence to Support the Jury's Verdict*

The sufficiency of evidence is reviewed *de novo*, and the jury's verdict will be upheld unless no reasonable jury could have found the Defendant guilty when viewing the evidence in the light most favorable to the government. In this case, the evidence presented at trial was insufficient to establish the essential elements of wire fraud. The Government's case relied on speculation and conjecture rather than concrete evidence of

the Defendant's intent, participation, and use of a wire in furtherance of a fraudulent scheme. No reasonable jury could have found the Defendant guilty based on the evidence presented.

*Conclusion*

For the reasons stated above, the Government failed to present sufficient evidence to prove beyond a reasonable doubt that the Defendant committed wire fraud, in violation of 18 U.S.C. 1343. The evidence presented at trial did not establish the essential elements of wire fraud, and the jury's verdict cannot be sustained.

Accordingly, Defendant respectfully requests that the Court grant her motion for a judgment of acquittal or a new trial.

## IV.     FEDERAL PROGRAMS BRIBERY—COUNT 40

*Introduction*

The Defendant respectfully submits this post-trial brief asserting that the Government failed to present sufficient evidence to prove beyond a reasonable doubt that she received or solicited bribes during her participation in the federal nutrition program, in violation of 18 U.S.C. 666(a)(1)(B) and (a)(2). The evidence presented at trial was insufficient to establish the essential elements of federal program bribery, and the jury's verdict cannot be sustained.

*Legal Standards*

To prove Federal Programs Bribery under 18 U.S.C. 666(a)(1)(B), the Government must establish that the Defendant: (1) was an agent of an organization receiving federal benefits exceeding $10,000 annually; (2) corruptly solicited or accepted

13

something of value in connection with a transaction involving $5,000 or more; and (3) acted with the intent to be influenced in connection with the organizations business or transactions. *United States v. Bock*, 2024 U.S. Dist. LEXIS 235370 (D. Minn. Nov. 1, 2024); *United States v. Hines*, 541 F.3d 833 (8th Cir. 2008). Similarly, under 18 U.S.C. 666(a)(2), the government must prove that the Defendant: (1) corruptly gave, offered, or agreed to give something of value to an agent of an organization receiving federal benefits exceeding $10,000 annually; (2) in connection with a transaction involving $5,000 or more; and (3) acted with the intent to influence the agent in connection with the organizations business or transactions. *United States v. Bock*, 2024 U.S. Dist. LEXIS 235370.

The Government must also prove the Defendant's corrupt intent, which requires evidence that the Defendant acted knowingly and dishonestly to achieve an unlawful result or use unlawful means. The sufficiency of the evidence is reviewed *de novo*, and the jury's verdict will be upheld unless no reasonable jury could have found the Defendant guilty when viewing the evidence in the light most favorable to the Government. *United States v. Thompson*, 686 F.3d 575.

*Failure to Prove Corrupt Intent*

The Government failed to present sufficient evidence to establish that the Defendant acted with the requisite corrupt intent. Corrupt intent requires proof that the Defendant acted knowingly and dishonestly to achieve an unlawful result or use unlawful means. The evidence presented at trial did not demonstrate that the Defendant knowingly solicited or accepted bribes with the intent of being influenced in connection with the

federal nutrition program. The evidence presented at trial indicated that the Defendant owned a childcare business and produced manuals that she made available to the public for purchase. People who purchased the manuals were not necessarily participants in the food nutrition program. Those purchases could not be bribes or kickbacks. Defendant Salim Said, who is alleged to have bribed the Defendant when the childcare business was purchased, was only a witness to the childcare sale transaction, not the purchaser. Additionally, the buyer, Cosmopolitan Business Solutions LLC, had been a site or vendor to Feeding Our Future for 18 months before purchasing the childcare business. It is grossly illogical to bribe the Defendant 18 months after the purported official act.

The Government's case relied entirely on speculation and conjecture rather than concrete evidence of the Defendant's intent to engage in corrupt conduct. Without proof of corrupt intent, the Government cannot satisfy the elements of federal programs bribery under 18 U.S.C. 666(a)(1)(B) or (a)(2).

*Insufficient Evidence of Solicitation or Acceptance of Bribes*

The Government also failed to prove that the Defendant solicited or accepted anything of value in connection with a transaction involving $5,000 or more. To meet this element, the Government must show that the Defendant corruptly solicited or accepted something of value with the intent to be influenced in connection with the organization's business or transactions. The evidence presented at trial did not establish that the Defendant received or solicited any payments or benefits in exchange for her actions related to the federal nutrition program. The absence of direct evidence of solicitation or acceptance of bribes further undermines the Government's case.

*Failure to Prove Connection to Federal Program Transactions*

The Government must also prove that the alleged bribes were connected to transactions involving the federal nutrition program and that the organization received federal benefits exceeding $10,000 annually. Although Feeding Our Future's receipt of federal benefits was not disputed, the Government failed to establish a direct connection between the alleged bribes and specific transactions involving the federal program. Without evidence linking the alleged bribes to the federal program, the Government cannot satisfy the statutory requirements of 18 U.S.C. 666(a)(1)(B) or (a)(2). *United States v. Sabri*, 326 F.3d 937 (8th Cir. 20030; *United States v. Baumann*, 684 F. Supp. 2d 1146 (D.S.D. January 5, 2010).

*Insufficiency of Evidence to Support the Jury's Verdict*

The sufficiency of the evidence is reviewed *de novo*, and the jury's verdict will be upheld unless no reasonable jury could have found the Defendant guilty when viewing the evidence in the light most favorable to the Government. In this case, the evidence presented at trial was insufficient to establish the essential elements of federal programs bribery. The government's case relied on speculation and failed to provide concrete evidence of the Defendant's corrupt intent, solicitation, or acceptance of bribes, or connection to federal program transactions. No reasonable jury could have found the Defendant guilty based on the evidence presented.

*Conclusion*

For the reasons stated above, the Government failed to present sufficient evidence to prove beyond a reasonable doubt that the Defendant received or solicited bribes during

her employment with Feeding Our Future and participation in the federal nutrition program, in violation of 18 U.S.C. 666(a)(1)(B) and (a)(2). The evidence presented at trial did not establish the essential elements of federal program bribery, and the jury's verdict cannot be sustained.

Accordingly, Defendant respectfully requests that the court grant her motion for a judgment of acquittal or a new trial.

## CONCLUSION

The verdict in this case is against the weight of evidence in favor of the Defendant. The only evidence against the Defendant, other than the disputed testimonies of witnesses who had pleaded guilty to a myriad of frauds, was the testimony of two Feeding Our Future's board members. Those board members did not facilitate the filing of any reimbursement claims. In sum, the evidence at trial weighed so heavily against the verdict that a miscarriage of justice would occur if the verdict were not vacated and a new trial were not set. *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009).

When this Court considers whether the Government presented sufficient evidence to support the jury verdict, it will determine that the Government did not show sufficient evidence that the Defendant engaged in a material fraudulent act. Because the Defendant was indicted along with site operators as well as vendors, she was scapegoated and held responsible for the crimes of other people.

The trial record is clear that the Defendant attempted to terminate or ban sites and vendors that she could prove were engaged in fraudulent activities. She sought the assistance of MDE to no avail. To be held responsible for other people's crimes is unfair.

To avoid miscarriage of justice, the Defendant requests that the Court enter a judgment of acquittal for her or order a new trial.

Respectfully Submitted,

**KENNETH UBONG UDOIBOK, P.A.**

April 2, 2025                                /s/Kenneth U. Udoibok
　　　　　　　　　　　　　　　　　Kenneth U. Udoibok (#0262523)
　　　　　　　　　　　　　　　　　Flour Exchange Building, Suite
　　　　　　　　　　　　　　　　　5010 310 Fourth Avenue South
　　　　　　　　　　　　　　　　　Minneapolis, MN 55415
　　　　　　　　　　　　　　　　　Phone: (612) 808-6031
　　　　　　　　　　　　　　　　　*k@kenulaw.com*

　　　　　　　　　　　　　　　　　**ATTORNEY FOR DEFENDANT**
　　　　　　　　　　　　　　　　　**AIMEE MARIE BOCK**